James I. Stang (CA Bar No. 94435)
Kenneth H. Brown (CA Bar No. 100396)
Gillian N. Brown (CA Bar No. 205132)
Pamela Egan Singer (OR Bar No. 89423)
Elissa Wagner (CA Bar No. 213589)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jstang@pszjlaw.com
kbrown@pszjlaw.com
gbrown@pszjlaw.com
psinger@pszjlaw.com
ewagner@pszjlaw.com

Attorneys for Official Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Society of Jesus, Oregon Province, an Oregon domestic non-profit religious corporation,<br><br>Debtor. | Case No.: 09-30938-elp11<br><br>Chapter 11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY OF JESUS, OREGON PROVINCE, an Oregon non-profit religious corporation; THE OREGON PROVINCE OF THE SOCIETY OF JESUS, an alleged juridic person; SOCIETY OF JESUS, OREGON PROVINCE, as trustee for The Apostolic Fund (an alleged charitable trust); SOCIETY OF JESUS, OREGON PROVINCE, as trustee for The Foundation Fund (an alleged charitable trust); SOCIETY OF JESUS, OREGON PROVINCE, as trustee for The Formation Fund (an alleged charitable trust); SOCIETY OF JESUS, OREGON PROVINCE, as trustee for The Aged/Infirm Fund (an alleged charitable trust),<br><br>Defendants. | Adv. No. 10-03275-elp<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff") of the Society of Jesus, Oregon Province, an Oregon non-profit religious corporation ("SJOP") brings this action for declaratory and related relief against the defendants named herein, pursuant to 28 U.S.C. § 2201, for the purpose of, among other things, determining a question of actual controversy between the parties hereto. Plaintiff alleges as follows upon knowledge with respect to itself, and upon information and belief as to all other matters:

**INTRODUCTION**

1. By this complaint, the Committee seeks, *inter alia*, a determination from the Court regarding ownership of more than $82.5 million in financial assets and real estate alleged to be held by SJOP in four funds (defined below as the "Funds") or arcas. The Funds in fact are not separate funds but are only referred to by SJOP as such. Rather, they are accounting fictions which purport to allocate portions of bank and investment accounts of SJOP, which contain, or have contained, other assets as well, to these purported Funds. In fact, the assets of the Funds are owned by SJOP, the primary financial assets are maintained in various bank and investment accounts and have been comingled with the other assets and cash of SJOP and cannot be traced or identified.

2. SJOP contends that it holds the estimated $82.5 million in assets, including, real estate, cash, securities and mutual funds, in charitable trusts for the benefit of the various unnamed beneficiaries. As a result, SJOP contends that the estimated $82.5 million in assets purportedly held in charitable trusts are not part of SJOP's estate, and thus cannot be reached by creditors of SJOP, including the abuse survivors comprising the Committee's constituency.

3. As set forth below, the Committee contends that SJOP cannot meet its burden to establish that valid charitable trusts exist with respect to the estimated 82.5 million of assets purportedly held by the Funds. In particular, SJOP cannot establish that a valid trust was created with the requisite intent, that the legal and beneficial interests in the alleged trust are sufficiently separate, that the alleged trustee is distinct and separate from the alleged beneficiaries, or that the funds allegedly held in trust can be adequately identified or "traced" after they were comingled with other non-trust funds of SJOP.

4. Therefore, for the reasons set forth below, the Committee respectfully requests a judgment from this Court declaring that the Funds constitute property of SJOP's estate.

**THE PARTIES**

5. Plaintiff is the duly appointed Committee of Unsecured Creditors in this chapter 11 case and is comprised of creditors who filed tort-based lawsuits and proofs of claim against, *inter alia*, SJOP based upon sexual abuse by a members of the clergy**,** a worker, a teacher, a volunteer, or other person or entity associated with or representing SJOP, or other SJOP-related institutions served by SJOP.

6. On information and belief, SJOP is an Oregon non-profit religious corporation. SJOP is the debtor in the above-captioned chapter 11 bankruptcy case and the legal entity through which the Oregon Province of the Society of Jesus (the "Province") conducts its temporal affairs. SJOP is a parallel "civil person" superimposed on the Province. SJOP contends that the Province is a juridic but not a civil entity under Cannon law. On information and belief, SJOP uses the Province to refer to the juridic person of the SJOP under Canon law. The term SJOP used herein (unless otherwise specified) refers to both the secular legal entity and the alleged juridic person. The Rev. Patrick Lee, S.J. is the Provincial and the President of SJOP.

7. The Apostolic Fund (*Arca Apostolica*) is alleged by SJOP to be maintained by SJOP as a charitable trust. SJOP contends that it is the trustee of the alleged trust.

8. The Foundation Fund (*Arca Fundationem*) is alleged by SJOP to be maintained by SJOP as a charitable trust. SJOP contends that it is the trustee of the alleged trust.

9. The Formation Fund (*Arca Seminarii*) is alleged by SJOP to be maintained by SJOP as a charitable trust. SJOP contends that it is the trustee of the alleged trust.

10. The Aged/Infirm Fund (*Arca Praevisionis*) is alleged by SJOP to be maintained by SJOP as a charitable trust. SJOP contends that it is the trustee of the alleged trust. The Apostolic Fund, the Foundation Fund, the Formation Fund and Aged/Infirm Fund are collectively referred to as the "Funds.

///

///

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
San Francisco, California

**JURISDICTION AND VENUE**

11. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

12. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding is a core proceeding arising in SJOP's chapter 11 case pending in this Court.

**FACTUAL BACKGROUND**

14. On February 17, 2009 (the "Petition Date"), SJOP commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). SJOP is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15. SJOP's commencement of the above-captioned bankruptcy case as of the Petition Date created an "estate" as defined in 11 U.S.C. § 541(a).

16. On information and belief, SJOP sought relief under chapter 11 of the Bankruptcy Code in response to sexual abuse actions filed by the victims of such abuse, in order to obtain leverage over the victims and to hide financial and other assets owned and controlled by SJOP.

**A. The Funds.**

17. SJOP contends that it intended that the assets in the Funds were to be held in charitable trusts by SJOP for the benefit of others and that it therefore holds only legal title to, but not the beneficial interest in, the Funds.

18. On information and belief, the aggregate value of the assets purported to be held by the Funds exceeds $82.5 million.

19. The Funds are described in more detail in the following paragraphs.

**Apostolic Fund (*Arca Apostolica*).**

20. On information and belief, SJOP contends the Apostolic Fund was established on or about July 1, 1986.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

21. The creation of the Apostolic Fund was not accompanied by a written trust agreement and no such agreement existed until July 16, 2008.

22. SJOP contends that the purpose of the Apostolic Fund was to promote and subsidize specific apostolic works, including apostolic activities that are not able to provide sufficient means to maintain themselves and to provide financial assistance to operations.

23. The purpose of the Apostolic Fund is not distinct and separate from the purpose and mission of SJOP.

24. SJOP is both the trustee and sole beneficiary of the alleged charitable trust relating to the Apostolic Fund.

25. On information and belief, the assets and income of the Apostolic Fund may be, and have been, used for SJOP's own purposes, including to fund settlements with sex abuse victims.

26. On information and belief, as of July, 2010, SJOP allocated assets to the Apostolic Fund in the amount of $10,995,389.

**Foundation Fund (*Arca Fundationem*)**

27. On information and belief, SJOP contends that the Foundation Fund was established on or about July 1, 1986.

28. The creation of the Foundation Fund was not accompanied by a written trust agreement and no such agreement existed until July 16, 2008.

29. The assets of the Foundation Fund could be and have been used by SJOP to cover any need of SJOP that could not be covered by another Fund or other assets of the SJOP.

30. The purpose of the Foundation Fund is not distinct and separate from the purpose and mission of SJOP.

31. SJOP is both the trustee and sole beneficiary of the alleged charitable trust relating to the Foundation Fund.

32. On information and belief, the assets and income of the Foundation Fund may be, and have been, used for SJOP's own purposes, including to fund settlements with sex abuse victims.

33. On information and belief, as of July, 2010, SJOP allocated no assets to the Foundation Fund.

**Formation Fund (*Arca Seminarii*).**

34. On information and belief , SJOP contends the Formation Fund has been in existence since at least 1984.

35. The creation of the Formation Fund was not accompanied by a written trust agreement and no such agreement existed until July 16, 2008.

36. SJOP contends that the purpose of the Formation Fund was the support and formation of Jesuits in probation, in studies, as well as those in service to them.

37. The purpose of the Formation Fund is not distinct and separate from the purpose and mission of SJOP.

38. SJOP is both the trustee and sole beneficiary of the alleged charitable trust relating to the Formation Fund.

39. On information and belief, the assets and income of the Formation Fund may be, and have been, used for SJOP's own purposes, including to fund settlements with sex abuse victims.

40. On information and belief, as of July 2010, SJOP allocated financial assets to the Formation Fund in the amount of $24,456,790.

**Aged/Infirm Fund (*Arca Praevisionis*)**

41. On information and belief, SJOP contends the Aged/Infirm Fund has been in existence since at least 1984.

42. The creation of the Aged/Infirm Fund was not accompanied by a written trust agreement and no such agreement existed until July 16, 2008.

43. SJOP contends that the purpose of the Aged/Infirm Fund was the support and care of the aged and the sick Jesuits of the Province.

44. The purpose of the Aged/Infirm Fund is not distinct and separate from the purpose and mission of SJOP.

45. SJOP is both the trustee and sole beneficiary of the alleged trust relating to the Aged/Infirm Fund.

46. On information and belief, the assets and income of the Aged/Infirm Fund may be, and have been, used for SJOP's own purposes, including to fund settlements with sex abuse victims.

47. On information and belief, as of July, 2010, SJOP allocated financial assets to the Aged/Infirm Fund in the amount of $46,961,989.

**B. <u>The Affirmations</u>**

48. On July 16, 2008, SJOP executed four Affirmations of Declaration of Trust For the Society of Jesus, Oregon Province with respect to each of the Funds ("Affirmations"). The Affirmations were executed by John D. Whitney S.J. in his capacity as President of SJOP.

49. The Affirmations purport to be written after the fact declarations of SJOP's intention to create trusts when the Funds were allegedly formed over 20 years ago.

**C. <u>The Cash and Financial Assets in the Funds Were and Are Comingled with SJOP's Cash and Financial Assets and Cannot be Traced.</u>**

50. On information and belief, the cash and financial assets allocated to the Funds have not been maintained in separate bank accounts or brokerage accounts, or otherwise segregated from SJOP's non-trust assets. In fact, the Funds are accounting fictions and are "funds" in name only. In reality, the Funds are merely allocations, from an accounting perspective, of portions of certain bank and investment accounts of SJOP.

51. The financial assets that SJOP contends are held in charitable trusts relating to the Funds are held in SJOP's own bank and investment accounts at Wells Fargo Bank N.A. ("WFB"), Merrill Lynch, Union Bank of California, American Funds and Artisan Funds where they have been commingled with SJOP's non-trust funds and assets.

52. SJOP's pooled investment accounts are maintained at Union Bank of California, American Funds and Artisan Funds. These accounts are held in the name of SJOP. SJOP allocates the balances of these accounts primarily between and among the Funds as an accounting matter, however, according to SJOP financial statements, SJOP also allocated a portion

of the balances to other funds that are not alleged to be held in trust. On information and belief, the cash and other financial assets currently in SJOP's pooled investment accounts at Union Bank of California, American Funds and Artisan Funds, which are alleged to be held in charitable trusts and are allocated to the Funds as an accounting matter, were transferred from the commingled accounts maintained at WFB and/or Merrill Lynch and/or their predecessor accounts.

53. On information and belief, SJOP cannot trace the alleged trust funds after they were commingled with SJOP's non-trust funds in SJOP's bank and investment accounts, into the pooled investment accounts, or otherwise.

54. SJOP has used commingled funds that cannot be traced to trust funds, to acquire and improve assets that it contends are property of the Funds.

55. On information and belief, neither SJOP, nor any of the alleged beneficiaries of the alleged trusts relating to the Funds, understood or intended that any of the assets in the Funds were to be held in charitable trusts by SJOP. The assets that constitute the Funds are in fact owned by the SJOP and under its complete control and domination, and none of the assets in the Funds are held in charitable trusts.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief: No valid trusts exist with respect to the Funds)**

56. The Committee repeats and realleges the allegations of paragraphs 1 through 55 above as if fully set forth herein.

57. On information and belief, SJOP contends that the assets purportedly held by the Funds are held in either an express or resulting trust by the SJOP for the benefit of others. SJOP further contends that the assets in the Funds do not constitute property of the SJOP's bankruptcy estate.

58. The Committee, on the other hand, contends that no valid trust exists with respect to any of the assets held by SJOP and purportedly allocated to the Funds. The Committee contends that neither SJOP, nor any of the alleged beneficiaries of the purported trusts understood or intended that any of the assets in the Funds were to be held in trust by SJOP. The Committee further contends that both the legal and beneficial interest in the Funds, and all of the real estate, cash and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

other financial assets therein, are property of SJOP's estate, free and clear of the interests of any other person or entity.

59. An actual, justiciable controversy exists as to whether the Funds, and all of the real estate, cash and other financial assets therein, are (as SJOP contends) held in trust by SJOP for the benefit of others or are (as the Committee contends) owned by SJOP and constitute property of SJOP's estate.

60. Wherefore, the Committee respectfully prays for a judgment declaring that the Funds are not held in trust by SJOP and all of the assets therein, constitute property of SJOP's estate.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief: SJOP owns all legal and equitable interest in the Funds and therefore, to the extent any trusts exist they are void or unenforceable under the doctrines of merger and/or self-settled trusts)**

61. The Committee repeats and realleges the allegations of each of paragraphs 1 through 60 above as if fully set forth herein.

62. Under the doctrines of merger and/or self settled trusts, a valid trust cannot exist where the legal interest in the alleged trust assets and the beneficial interest in the alleged trust assets are held by the same entity.

63. As set forth above, the Committee alleges that SJOP and the alleged beneficiaries of the alleged trusts are one in the same. Therefore, the trustee of the alleged trusts and the alleged beneficiaries of the alleged trusts are one in the same.

64. Similarly, the legal interest in the alleged trust assets (held by SJOP) and the beneficial interest in the alleged trust assets (purportedly held by others) are identical and held by the same entity.

65. As a result, no express or resulting trust as alleged by SJOP can exist with respect to the assets in the Funds, or to the extent a trust does or ever did exist, it is unenforceable.

66. SJOP contends that the purported beneficiaries of the alleged trusts are separate from SJOP, and that SJOP holds the assets in Funds in trust for the beneficiaries that are separate and different from SJOP.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

67. An actual, justiciable controversy exists as to whether the legal and beneficial interest in the alleged trusts are held by the same entity, and/or whether the trustee of the trusts and the beneficiaries are one in the same, such that the alleged trusts are void or otherwise not enforceable.

68. Wherefore, the Committee respectfully prays for a judgment declaring that the assets in the Funds are not held in an enforceable trust by SJOP for the benefit of persons or entities that are separate and distinct from SJOP, and all of the funds and assets in the Funds constitute property of SJOP's estate.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Relief: Funds deposited into and/or held in SJOP'S Commingled Bank and Investment Accounts are Untraceable)**

69. The Committee repeats and realleges the allegations of each of paragraphs 1 through 68 above as if fully set forth herein.

70. On information and belief, SJOP and the purported beneficiaries of the alleged trusts contend that they can trace the alleged trust funds deposited into SJOP's bank accounts and investment accounts, and comingled with non-trust funds, into the pooled investment accounts and the other bank and investment accounts of SJOP.

71. The Committee contends that the funds allegedly deposited into the SJOP bank accounts and investment accounts and comingled with other non-trust funds of SJOP cannot be adequately traced into the pooled investment accounts or the SJOP's other bank and investment accounts. Therefore, even if an express or resulting trust is found to exist, and is not found to be void, unenforceable or revoked, all of the assets in the pooled investment accounts and other bank and investment accounts and allocated to the Funds, and all of the cash and assets therein, constitute property of SJOP's estate.

72. An actual, justiciable controversy exists as to whether SJOP can meet its burden to prove that the funds deposited into SJOP's bank and investment accounts, and comingled with SJOP's non-trust funds, can be traced to the assets purportedly held in trust in the Funds.

73. Wherefore, the Committee respectfully prays for a judgment declaring that the cash and financial assets allocated to the Funds, and any other assets acquired or improved with the proceeds of alleged trust funds that were commingled with SJOP's non-trust funds, (to the extent such property was acquired or improved with funds that cannot be traced to trust funds) constitute property of SJOP's estate.

**WHEREFORE**, the Committee prays for judgment as follows:

1. Declaring that the Funds, and the assets purportedly held by the Funds, are not held by SJOP in charitable trusts and that the Funds, and all of the assets therein, constitute property of SJOP's estate under 11 U.S.C. § 541(a)(1).

2. Declaring that any express or resulting trust that may have been created with respect to the Funds is void and/or unenforceable under the doctrines of merger and/or self-settled trusts because the same legal entity holds the legal and beneficial interest in the alleged trust assets, and/or the trustee and the alleged beneficiaries of the trusts are not separate and distinct and therefore that the Funds, and all of the cash and assets therein, constitute property of SJOP's estate under 11 U.S.C. § 541(a)(1).

3. Declaring that SJOP cannot meet its burden to trace cash and other assets allegedly deposited into SJOP's bank and investment accounts and comingled with other funds in the Funds, and therefore all of the cash and financial assets therein, and any assets acquired or improved with proceeds of alleged trust funds that were commingled with SJOP's non-trust funds, (to the extent such property was acquired or improved with funds that cannot be traced to trust funds) constitute property of SJOP's estate under 11 U.S.C. § 541(a)(1).

///

///

///

///

///

///

///

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

4. Granting such other and further relief as is just and proper.

Dated: September 23, 2010

PACHULSKI STANG ZIEHL & JONES LLP

By */s/ Pamela Egan Singer*
James I. Stang(CA Bar No. 94435)
Kenneth H. Brown (CA Bar No. 103966)
Gillian N. Brown (CA Bar. No. 05132)
Pamela Egan Singer (OR Bar No. 89423)
Elissa Wagner (CA Bar No. 213589)

Attorneys for Official Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA